| CARLOS A. MILLER, | : | Case No. 3:18-cv-00310 |
| | : | |
| Plaintiff, | : | District Judge Walter H. Rice |
| | : | Magistrate Judge Sharon L. Ovington |
| vs. | : | |
| | : | |
| OHIO, | : | |
| | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATIONS[1]

Plaintiff Carlos A. Miller brings this case *pro se* against Defendant Ohio and Montgomery County, Ohio, alleging that his arrest for arson on January 8, 2015 was wrongful. (Doc. #2, *PageID* #s 13-15). He recounts in his Complaint that his legal-aid attorney asked the police if there was a fire. The police said, "no"—there were only spots. *Id.* His Complaint pleads non-monetary relief: "I would like the court to grant me my freedom." *Id.* at 16. In the civil cover sheet he completed, he seeks $50 million. (Doc. #1, *PageID* #4).

In a previously dismissed case, Plaintiff raised nearly identical allegations. He asserted back then that the State of Ohio "is claiming that in 1-8-2015 that [he] started a fire[.]" *Carlos A. Miller v. State of Ohio*, 3:18cv176 (S.D. Ohio 2018) (Doc. #2, *PageID* #14). His legal-aid attorney asked the police if there was a fire, "and they said no." *Id.*

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

Returning to the present case, the Court previously granted Plaintiff's application to proceed in forma pauperis. The case is presently before the Court for an initial review to determine whether his Complaint, or any portion of it, must be dismissed because it fails to state a plausible claim for relief or because it is factually or legal frivolous. *See* 28 U.S.C. §§ 1915(e), 1915A; *see also Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010); *Barnett v. Kalamazoo Cnty. Community Health Bd.*, No. 18-1319, 2018 WL 4492496, at *1 (6th Cir. 2018). A claim is plausible when the Complaint's factual allegations create a "'reasonable inference that the defendant is liable for the misconduct alleged.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citation omitted).

A Complaint is frivolous only when it fails to raise "'a claim with an arguable legal claim based on rational facts.'" *Brand v. Motley*, 526 F.3d 921, 923 (6th Cir. 2008) (quoting, in part, *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827 (1989)). A rational factual basis is absent when the Complaint's allegations are "fantastic or delusional." *Id*. No arguable legal claim exists when the Complaint rests on "indisputably meritless" legal theories—for example, when the defendant is immune from suit or when the plaintiff claims a violation of a legal interest that clearly does not exist. *See id*.

In present initial review, the factual allegations in Plaintiff's Complaint are accepted as true (except for fantastic or delusional facts), *Hill*, 630 F.3d at 471, and his *pro se* Complaint is liberally construed in his favor, *Davis v. Prison Health Services*, 679 F.3d 433, 437 (6th Cir. 2012); *see Thaddeus-X v. Blatter*, 175 F.3d 378, 385 (6th Cir.1999); *see also Lee v. Wilson County Jail, Lebanon*, No. 16-5981, 2017 WL 2819220,

at *1 (6th Cir. 2017). Doing so, several problems emerge.

First, the doctrine of res judicata bars Plaintiff's present challenge to his January 2015 arrest because he previously raised the same challenge in a case he filed in this Court and that case was dismissed on the merits. *See Carlos A. Miller v. State of Ohio*, 3:18cv176 (S.D. Ohio 2018) (Doc. #s 3-4); *see also Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, 776 (6th Cir. 2009) ("Pursuant to the doctrine of res judicata, 'a final judgment on the merits bars further claims by parties or their privies based on the same cause of action.'" (quoting, in part, *Montana v. United States,* 440 U.S. 147, 153, 99 S.Ct. 970 (1979)). If Plaintiff's present Complaint can be liberally construed to raise a new claim or cause of action concerning the same alleged fire, res judicata again forecloses his action. *See Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660-61 (6th Cir. 1990) (Res Judicata "precludes not only relitigating a claim or cause of action previously adjudicated, it also precludes litigating a claim or defense that should have been raised, but was not, in a claim or cause of action previously adjudicated.").

Second, recalling that Plaintiff seeks $50 million (as indicated in his civil-cover sheet), the Eleventh Amendment of the U.S. Constitution bars him from obtaining monetary redress from the State of Ohio. *See Edelman v. Jordan*, 415 U.S. 651, 663 (1974).

Third, construing Plaintiff's Complaint in his favor, he asserts a Fourth-Amendment claim under 42 U.S.C. § 1983 against Montgomery County, Ohio. Yet, Plaintiff's allegations, when accepted as true, fail to raise a plausible claim because "[i]t is firmly established that a municipality, or as in this case a county, cannot be held liable

under § 1983 for an injury inflicted solely by its employees or agents." *Gregory v. Shelby County, Tenn.*, 220 F.3d 433, 441 (6th Cir. 2000) (citing *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 694, 98 S.Ct. 2018, 2037 (1978)). "For liability to attach, there must be execution of a government's policy or custom which results in a constitutional tort." *Id.* Plaintiff's Complaint does not raise an allegation about a Montgomery County policy or custom, and Plaintiff does not advance facts showing that the execution of a County policy or custom violated his constitutional rights. Plaintiff's § 1983 claim is therefore subject to dismissal. *See Polk County v. Dodson*, 454 U.S. 312, 326, 102 S.Ct. 445, 454 (1981) ("official policy must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983.").

Lastly, Plaintiff's claim under § 1983 is barred by the applicable two-year statute of limitations given that the events he describes occurred well over two years ago. *See Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 856 (6th Cir. 2003).

For the above reasons, dismissal of Plaintiff's Complaint is warranted under 28 U.S.C. §§ 1915(e)(2) and 1915A.

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's Complaint be dismissed; and

2. The case be terminated on the Court's docket.

October 3, 2018                    *s/Sharon L. Ovington*
                                   Sharon L. Ovington
                                   United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within FOURTEEN days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to SEVENTEEN days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within FOURTEEN days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947, 949-50 (6th Cir. 1981).